**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTINA ALTIERI, on behalf of**
**herself and all others similarly situated,**

                              **Plaintiff,**

    v.                                                                1:17-CV-303

**OVERTON, RUSSELL, DOERR, and**
**DONOVAN, LLP,**

                              **Defendant.**
_____
**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.    INTRODUCTION**

Plaintiff Christina Altieri ("Plaintiff" or "Altieri") alleges in the Amended Complaint, dkt. # 14, that Defendant Overton, Russell, Doerr, and Donovan, LLP ("Defendant" or "Overton") violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), when it sent her a debt collection letter. *See* Compl., dkt. # 1. On November 15, 2017, the Court dismissed all of the Causes of Action in the Amended Complaint except the Third Cause of Action, and granted Defendant leave to move to dismiss the Third Cause of Action. *See* 11/15/17 Dec. & Ord., dkt. # 24. Defendant now moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Third Cause of Action. Dkt. # 25. Plaintiff has not opposed the motion. For the reasons that follow, the motion is granted.

## II. BACKGROUND

The Court presumes familiarity with the November 15, 2017 Decision and Order, including the Background section in that decision. Suffice it to say for the instant motion that the Amended Complaint alleges that Overton sent Plaintiff a letter dated October 14, 2015 that stated in pertinent part:

# DEBT COLLECTION NOTICE

CREDITOR: ALBANY MEDICAL CENTER

\* \* \*

AMOUNT DUE: $5794.54

\* \* \*

Very Truly Yours,

Overton, Russell, Doerr and Donovan, LLP

Am. Compl., Ex. A ("Overton Letter").[1]

## III. DISCUSSION

In the Third Cause of Action, Plaintiff re-asserts the first 12 paragraphs of the Amended Complaint (which essentially set forth the allegations regarding Plaintiff's receipt of the Overton Letter), *see* Am. Compl. ¶ 39, *id.* ¶¶, 1-12, and reasserts the allegation that the "Amount Due" in the Overton Letter is $5,794.54. Plaintiff then alleges:

---

[1] The Overton Letter is attached to the Amended Complaint and relied on by Plaintiff throughout the Amended Complaint, therefore the Court considers it as a document incorporated by reference and integral to the Amended Complaint. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.")(quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

> If the alleged original creditor, a subsequent assignee, the entity that owned the debt on the date of [the Overton Letter], or [Overton] had a legal right to charge and/or collect from Altieri interest, late charges, and/or other charges in addition to the aforementioned "Amount Due", then the failure of [the Overton Letter] to notify Altieri that this "Amount Due" may increase due to interest, late charges, and/or other charges amounted to a violation by Defendant of 15 USC § 1692e.

Am. Compl. ¶ 41.

Plaintiff appears to assert that Overton violated the FDCPA, pursuant to the Second Circuit case *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016) (also known as *Avila II*), by not disclosing that the account balance in the collection letter may increase due to accruing interest.

In *Avila II* the Second Circuit found that a debt collection letter violated Section 1692e when it failed to advise of accruing interest, writing:

> Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts.

817 F.3d at 76. The allegations in the Third Cause of Action, however, are not covered by *Avila II*.

The allegations concerning accrual of interest/charges in the Third Cause of Action are hypothetical. They state: "if" the creditor had a legal right to charge interest or charges, then the failure to notify Plaintiff that the "Amount Due" may increase is a violation. Plaintiff does not allege that interest or charges were in fact accruing on the medical debt at the time

3

the Overton letter was sent or beyond, and the Amended Complaint does not assert a basis for the accrual of interest or fees.² Thus, contrary to the situation addressed in *Avila II*, the Overton Letter's statement of the Amount Due is not false and would not mislead the least sophisticated consumer from the belief that, at the time, payment of the Amount Due would clear her account. *See Taylor v. Fin. Recovery Servs., Inc.*, 252 F. Supp. 3d 344, 352 (S.D.N.Y. 2017) ("The Second Circuit held [in *Avila II*] the plaintiff stated a claim because a reasonable consumer could 'be misled into believing that she could pay her debt in full by paying the amount listed on the notice' when interest and fees were continuing to accrue daily after receipt of the notice. But such confusion is not possible here: Plaintiffs adduce no evidence that paying the stated balance due in their respective letters would not satisfy their debts.")(quoting *Avila II*, 817 F.3d at 76). Other courts have reached similar conclusions in similar circumstances. *See Cruz v Credit Control Servs.*, 2017 US Dist LEXIS 186125, at *14 (E.D.N.Y. Nov. 8, 2017) (*Avila II* "is inapplicable to the case at bar because, as discussed above, the Plaintiff failed to allege, as a matter of law, that Cruz's debt was accruing interest."); *Dick v. Enhanced Recovery Co., LLC*, 2016 U.S. Dist. LEXIS 135789 (E.D.N.Y. Sept. 28, 2016);³ *see also Bird v. Pressler & Pressler, L.L.P.*, 2013 U.S. Dist.

---

²Defendant points out that this case does not involve a credit card debt which would typically involve contractual interest and late fees.

³The Eastern District in *Dick v. Enhanced Recovery Co., LLC*, 2016 U.S. Dist. LEXIS 135789 (E.D.N.Y. Sept. 28, 2016) dismissed a complaint under similar circumstances. In finding that *Avila II* did not apply, the Court held:

> The key distinction here is that [plaintiff] Dick does not allege that "non-interest charges and fees" were actually accruing at the time [debt collector] ERC listed their amount at "$0.00," or that they were going to accrue. Dick does not allege that the balance stated in the Letter was not a complete and accurate representation of the amount owed, or that the balance stated in the Letter may increase over time due to interest and fees. The Second Circuit's holding in *Avila II* — that it is misleading for a debt collector to list the amount owed without disclosing

(continued...)

4

LEXIS 74682, 7-8 (E.D.N.Y. May 29, 2013) ("However, the Complaint, as currently drafted, does not state a claim in this regard… Nowhere in the Complaint does Plaintiff specify the underlying source of the debt, the terms of any credit card agreement, or the interest rate purportedly applicable under such an agreement.").

While Plaintiff argued in opposition to the previous motion that interest might be assessed under N.Y. C.P.L.R. § 5001, Plaintiff has not responded to the instant motion and has not advanced this argument. Furthermore, the Court rejected the argument as a basis to impose FDCPA liability in this case, *see* 11/15/17 Dec. & Ord., pp. 15-17, and, therefore, the future possibility of N.Y. C.P.L.R. § 5001 interest provides no reason to deny the instant motion.

Accordingly, Defendant's motion to dismiss the Third Cause of Action is granted. Because Plaintiff, who is represented by counsel, amended the Complaint after Defendant first moved to dismiss the Complaint, and because Plaintiff does not ask for leave to amend a second time or proffer facts that would change the result reached on the Third Cause of Action, the Third Cause of Action is dismissed without leave to replead. *See Shomo v. New York*, 374 Fed. Appx. 180, 182 (2d Cir. 2010)(As a general matter, "'the district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion.'")(quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42

---

[3](...continued)
the fact that said amount is increasing — does not support Dick's argument that it is misleading to list the amount owed without affirmatively noting that the amount is not increasing. Accordingly, the language at issue here does not implicate the concerns discussed by the Second Circuit in Avila II, and there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated will not change in the future.

*Id.* at 11-12.

(2d Cir. 1988)); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)(An opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it.")(citation omitted); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.").

IV. **CONCLUSION**

For the reasons discussed above, Defendant's motion to dismiss the Third Cause of Action in the Amended Complaint [dkt. # 25] is **GRANTED**, and the Third Cause of Action is **DISMISSED with prejudice**.

The Clerk of the Court may close the file in this matter.

**IT IS SO ORDERED.**

Dated: December 20, 2017

_____
Thomas J. McAvoy
Senior, U.S. District Judge